# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 8, 2018

* * * * * * * * * * * * * * *  *
KATHERINE MICHELE PETERSON    *      UNPUBLISHED
as natural parent of M.M.P., a minor,    *

          *       No. 16-1296

        Petitioner,    *

v.                           *       Chief Special Master Dorsey

          *

SECRETARY OF HEALTH    *

AND HUMAN SERVICES,    *       Attorneys' Fees and Costs;

          *       Special Master's Discretion;

        Respondent.    *       Reduction of Hourly Rates.

          *

* * * * * * * * * * * * * * *

Elaine Whitfield Sharp, Whitfield, Sharp & Sharp, Marblehead, MA, for petitioner.
Darryl R. Wishard, U.S. Department of Justice, Washington, D.C. for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

      On October 7, 2016, Katherine Michele Peterson ("petitioner") filed a petition for compensation in the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-1 to -34 (2012).  Petitioner alleged that her minor daughter, M.M.P., suffered multiple injuries, including hypersensitivity to light, rash, atopic dermatitis, and severe eczema as a result of receiving the DTap, Polio, Pneumococcal, Rotavirus, Haemophilus ("Hib"), and Hepatitis B ("Hep. B") vaccinations on February 15, 2016.  Petition at Preamble; ¶3.  On November 28, 2017, the undersigned issued a decision dismissing the petition for insufficient proof.  ECF No. 39.

      On January 2, 2018, petitioner filed a motion for attorneys' fees and costs ("Motion").  ECF No. 42.  Petitioner requests $10,416.50 as reimbursement for attorneys' fees.  Motion at 1.  In compliance with General Order #9, petitioner filed a signed statement stating that she incurred $17.43 in costs in pursuit of this claim.  Motion at Tab 5.  Thus, the total amount requested is $10,433.93.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On January 2, 2018 respondent filed a response to petitioner's motion ("Response"). ECF No. 43. Respondent states that he is "satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." Id at 3.

The undersigned has reviewed the billing records submitted with petitioner's request. The billing entries reflect the nature of each task performed, the amount of time expended, and the person performing the task. In the undersigned's experience, the hours expended are reasonable and there is no cause for adjustment.

The requested hourly rates for petitioner's counsel require adjustment, however. Ms. Sharp requests an hourly rate of $415.00 for work she performed on the case during 2016 and 2017. Ms. Sharp has previously been awarded an hourly rate of $390.00 for work performed in 2016 and an hourly rate of $400.00 for work performed in 2017. Lemaire v. Sec'y of Health & Human Servs., No. 13-681V, 2016 WL 5224400 (Fed. Cl. Spec. Mstr. Aug. 12, 2016); Sclafani v. Sec'y of Health & Human Servs., No. 16-737, 2017 WL 5381271 (Fed. Cl. Spec. Mstr. Oct. 11, 2017).

The undersigned agrees with the reasoning of her colleagues and will award those same rates for work performed in the instant case, which results in the following adjustments:

| Year | Time | Requested Rate | Adjusted Rate | Billed Amount | Adjusted Amount |
|------|------|----------------|---------------|---------------|-----------------|
| 2016 | 6.3 | $415.00 | $390.00 | $2,614.50 | $2,457.00 |
| 2017 | 18.8 | $415.00 | $400.00 | $7,802.00 | $7,520.00 |

The adjustments reflected above reduce the amount billed in attorney's fees to $9,977.00, **a reduction of $439.50**.

Petitioner also requests reimbursement of $17.43 for her own out-of-pocket expense, which was incurred to obtain medical records. Motion at Tab 6. The request is reasonable and well-documented, and the undersigned thus awards it in full.

**Accordingly, the undersigned awards the total of $9,994.43[2] as follows:**

- **A lump sum of $9,977.00, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Elaine Whitfield Sharp; and**

---

[2] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

2

- **A lump sum of $17.43, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

The Clerk of the Court SHALL ENTER JUDGMENT in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.